**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | | |
|---|---|---|
| **SHAUNCEY PERRY,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No. 1:05CV0010 SWW |
| | * | |
| **KELVIN TRIGGS,** *et al.,* | * | |
| | * | |
| **Defendants** | * | |

**PROPOSED RECOMMENDED DISPOSITION**

**I.      INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

  1.   Why the record made before the Magistrate Judge is inadequate.

  2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

       hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:

       Clerk, United States District Court
       Eastern District of Arkansas
       600 West Capitol Avenue, Suite 402
       Little Rock, AR 72201-3325

## II. DISPOSITION

Pending before the Court is Defendant's Motion to Dismiss (docket entry #13). Plaintiff has filed a one sentence response requesting that his action not be dismissed (docket entry #15). In his Motion, Defendant Triggs contends that Plaintiff's action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and that he is entitled to absolute immunity for his involvement in the decision to revoke Plaintiff's parole.

### A. Heck v. Humphrey

A claim for damages that would call into question a valid conviction or sentence that has not been reversed or expunged is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff asserts

that Triggs had Plaintiff arrested and held in the Lonoke County Jail, and then filed a false violation report to have Plaintiff's parole revoked on the basis that Plaintiff had absconded. Triggs contends that a decision on Plaintiff's claim would call into question the decision to revoke his parole and imply the invalidity of his continued confinement. Because Plaintiff has not challenged his confinement through the appropriate federal action or state tribunal, he contends that the Plaintiff's Section 1983 action is barred. The Eighth Circuit has held that *Heck* applies to decisions concerning parole. *Schafer v. Moore,* 46 F.3d 43 (8th Cir. 1995).

Plaintiff filed this action while he was incarcerated in the Arkansas Department of Correction Grimes Unit. He complains that in June 2004, while he was out on parole, Triggs accused Plaintiff of "absconding" even though he knew Plaintiff was being held in the Lonoke City Jail. Without revealing to the Court the decision on the parole violation charges, Plaintiff states he appealed the decision to Leroy Brownlee with the Parole Board. Plaintiff's "flat date" then changed from December 2004 to October 27, 2005. Thus, it appears that Plaintiff was sent back to the custody of the Arkansas Department of Correction following a parole revocation.

On May 5, 2005, he filed a change of address indicating his release. Plaintiff is no longer in the custody of the Arkansas Department of Correction, and he apparently is no longer on parole.[1] The question remains, however, if Plaintiff is subject to *Heck's* favorable termination rule despite that he is no longer in custody.

The most recent United States Supreme Court precedent discussing the interplay between

---

[1] The state parole office confirmed that Plaintiff is not in their computer system listed as an individual being held on parole. Plaintiff was not without a recourse to attempt to favorably terminate the revocation decision while he was in custody. Decisions concerning revocation of parole are challenged through a direct attack in the state courts. *Webb v. Bishop*, 242 Ark. 320, 413 S.W.2d 862 (1967).

Section1983 and habeas corpus is *Spencer v. Kemna*, 523 U.S. 1 (1998).  In *Spencer,* Randy Spencer filed a habeas petition seeking to invalidate an order revoking his parole. *See id.*  After Spencer filed his petition, but before the court could rule upon it, he completed the term of imprisonment underlying the parole revocation.  *See id.*  The issue before the Court was whether his release mooted the habeas petition.  Justice Scalia authored the opinion of the Court affirming a decision of the Eighth Circuit holding that the habeas petition was properly dismissed as moot given the expiration of Spencer's sentence because the case did not meet Article III's case or controversy requirement.  Arguing against mootness, Spencer contended that his petition should not be dismissed because *Heck* required him to show that he met the favorable termination requirement before seeking relief under Section 1983.  Justice Scalia's majority opinion, in dicta, referred to the argument as a "great non sequitur, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available." *Spencer,* 523 U.S. at 16.  In a concurring opinion by Justice Souter, who was joined by Justices Ginsberg, Breyer, and O'Connor, Souter disagreed with the majority opinion position stating that *Heck* has no application where the inmate has been released and habeas relief is not available.  Justice Stevens also espoused a position in line with Souter in his dissenting opinion.[2]

As could be suspected, following *Spencer*, a split of authority has developed regarding the application of *Heck* principles to the situation at hand. The First, Fifth, Sixth, and Third Circuits have found that *Heck* definitively decided that an individual (whether imprisoned or not)

---

[2]Although a majority of the Justices adopted this view at the time *Spencer* was decided in 1998, the composition of the Court has changed since that date.  Notwithstanding, it seems inappropriate to the undersigned to tally votes, as some courts have done, in an effort to predict how the Supreme Court might respond to this issue today.

cannot collaterally attack their conviction in a Section 1983 action. *See Figueroa v. Rivera*, 147 F.3d 77 (1st Cir. 1998), *Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000), *cert. denied*, 523 U.S. 971 (2001) (section 1983 action by former inmate confined pursuant to a warrant from Texas parole board *Heck* barred); *Huey v. Stine*, 230 F.3d 226 (6th Cir. 2000) (overruled on other grounds), *Muhammad v. Close*, 379 F.3d 413 (6th Cir. 2004) (Section 1983 action by inmate released from disciplinary confinement and who could not seek habeas relief because he was not in custody for his disciplinary infraction was *Heck* barred); *Gilles v. Davis*, 427 F.3d 197 (3rd Cir. 2005) (Section 1983 claim by plaintiff that completed state Accelerated Rehabilitation Disposition program that resulted in expungement of criminal record did not satisfy the *Heck* favorable termination rule). The Eleventh and Fourth Circuits have joined this position in unpublished opinions. *Vickers v. Donahue*, 137 Fed. Appx. 285 (11th Cir. June 28, 2005) (Section 1983 by individual no longer in custody that would imply the invalidity of the order of revocation and nine month sentence was *Heck* barred); *Gibbs v. S.C. Dep't of Prob.*, No. 97-7741, 1999 WL 9941 (4th Cir. Jan.12, 1999) (Section 1983 action based upon probation revocation which would implicate subsequent imprisonment was *Heck* barred). On the other hand, the Ninth and Second Circuits have followed the logic first expressed by Justice Souter in his concurrence in *Heck* and again later in *Spencer* that the rule in *Heck* only applies to plaintiffs whose confinement can be challenged in post conviction proceedings. *See Jenkins v. Haubert*, 179 F.3d 19 (2nd Cir. 1999) (*Heck* did not bar Section 1983 by inmate challenging disciplinary confinement that did not affect overall length of confinement because no other federal remedy was available); *Nonette v. Small*, 316 F.3d 872 (9th Cir. 2002) (former inmate could proceed with Section 1983 action challenging prison disciplinary). The Seventh Circuit has indicated that it

would find an exception to the *Heck* favorable termination rule for individuals who had *no* way to collaterally attacked their conviction or sentence. *Hoard v. Reddy*, 175 F.3d 531, 532-33 (7th Cir.1999), *cert. denied*, 528 U.S. 970 (1999) ("there is probably an exception to the rule of *Heck* in which no route other than a damages action under section 1983 is open to the person to challenge his conviction."); *Nance v. Vieregge*, 147 F.3d 589, 591-92 (7th Cir.1998) (recognizing that *Spencer* may have created an exception, but *Heck* continued to bar former inmate's claim because he could still seek a pardon that would invalidate his conviction).

The petitioner in *Heck* brought a section 1983 action seeking damages against state officials claiming an arbitrary investigation led to his arrest, the destruction of exculpatory evidence and use of an illegal voice identification procedure at trial. The Court stated, "[t]he issue with respect to monetary damages challenging conviction is not, it seems to us, exhaustion; but rather, the same as the issue was with respect to injunctive relief challenging conviction in *Preiser*: whether the claim is cognizable under § 1983 at all. We conclude that it is not." Looking to the law surrounding malicious prosecution, one element of which requires termination of the prior criminal proceeding in favor of the accused, the Court noted that it had long expressed "concerns for finality and consistency and has generally declined to expand opportunities for collateral attack." *Heck*, 512 U.S. at 484-85. The Court found that the rationale applied with equal force to Section 1983 actions seeking damages for an alleged unconstitutional conviction or imprisonment. "We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 actions that necessarily require the plaintiff to prove the unlawfulness of this conviction or confinement, just as it has always applied to actions for malicious prosecution." *Id* at 486.

Although the petitioner in *Heck*, Roy Heck, was serving a 15 year term of imprisonment, the Court's decision, authored by Justice Scalia, did not turn on his status as an inmate.[3]  "We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  The Court made clear that the effect of its holding was to deny that a cause of action had even accrued under Section 1983 to individuals who had not invalidated their sentence or conviction through the appropriate channels.  "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.  Based upon the language of the *Heck* opinion, the undersigned believes that the holding of *Heck* applies with equal force to inmates and those who have been released, until such time as Supreme Court may find it appropriate to limit its reach.[4]

---

[3]Justices Rehnquist, Kennedy, Thomas and Ginsburg joined Scalia in the majority opinion.  Justice Thomas filed a concurring opinion as did Justice Souter, who was joined by Justices Blackmun, Stevens and O'Connor. The Justices who filed concurring opinions disagreed with the majority as to the rationale for the "favorable termination" rule and its reach.

[4]Addressing Justice Souter's concurring opinion, Justice Scalia, in the majority *Heck* opinion, implicitly rejected the distinction stating, "Justice Souter also adopts the common-law principle that one cannot use the device of a civil tort action to challenge the validity of an outstanding criminal judgment, but thinks it necessary to abandon this principle in those cases (of which no real-life example comes to mind) involving former prisoners who, because they are no longer in custody, cannot bring post conviction challenges.  We think the principle barring

As recognized by the First Circuit, any other conclusion would pervert the core holding of *Heck* and would ignore the requirement that a Section 1983 plaintiff prove all elements of the cause of action. Thus, although *Spencer* may cast doubt upon the *Heck* favorable termination requirement, we "leave to the Court the prerogative of overruling its own decisions." *Figueroa*, 147 F.3d at 81. Accordingly, it is therefore, recommended that this action be dismissed pursuant to *Heck v. Humphrey*.

## II.   Absolute Immunity

For the benefit of the Court, the undersigned will provide an analysis on the absolute immunity defense raised in Defendant's Motion despite the foregoing recommendation. Defendant makes a very brief argument for entitlement to absolute immunity citing to *Anton v. Getty*, 78 F.3d 393 (8th Cir. 1996) which holds that absolute immunity extends to a parole official's decision to grant, deny, or revoke parole and to other individuals who perform discretionary tasks that play an integral part in decisions to grant, deny, or revoke parole. In *Anton v. Getty*, the Court held that a parole officer was entitled to absolute immunity in connection with a decision to reject a prisoner's parole plan because the decision was "no less judicial in nature than are decisions to deny parole." *Id*. Anton had alleged that three probation officers violated his rights by concluding that his release plan was unacceptable and recommending that his parole be delayed. *See id.* The Court analogized this function to one performed by probation officers when they prepare a presentence report. *See id.* In each instance, the probation officer evaluates facts, draws conclusions, and makes a recommendation

---

collateral attacks – a longstanding and deeply rooted feature of both the common law and our own jurisprudence– is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Heck*, 512 U.S. at 490.

that plays a significant role in the decision making process. *See id.*  Because the probation officers' recommendation had a close connection with the Commissioner's decision to delay Anton's parole, they were entitled to absolute immunity. *See id.* In a footnote, the Court distinguished its holding from a prior decision in *Ray v. Pickett,* 734 F.2d 370 (8th Cir. 1984), stating that the *Ray* Court held that two federal probation officers who were accused of filing a false parole violation report were entitled to only qualified immunity. *See Anton,* 78 F.3d at 396, n. 5.  Ray, the probation officer, allegedly falsified a report to the United States Parole Commission to secure a parole violator's warrant. The Eighth Circuit found that the probation officer did not perform an adjudicatory function when he filed this report.  The effect of filing the parole violation report was "to trigger an inquiry by another officer that may or may not lead to an administrative proceeding." *Id.*  The *Ray* Court found that this function was akin to a police officer who would make a determination as to whether probable cause existed for an arrest, which was too far removed from the decision to revoke Ray's parole to merit the application of absolute immunity.  The probation officers in *Anton* "did not merely take actions that might have precipitated an inquiry which could have led to a decision by Commissioner Getty.  Instead, these defendants made recommendations that were an important part of an ongoing evaluation of whether Anton had met the requirements for parole." *Id. See also Nelson v. Balazic*, 802 F.2d 1077 (8th Cir.1986) (no absolute immunity for parole officer for claim arising from arrest and detainment of parolee prior to revocation proceeding).

       The procedure for parole revocation in Arkansas is set forth in Arkansas Code Annotated Section 16-93-705.  Triggs has not told the Court how the filing of a parole violation report could be considered to be an integral part of the decision to revoke Plaintiff's parole.  Based

upon a review of the relevant Eighth Circuit case law, it appears that Triggs' conduct would be more akin to the parole officer in *Ray* rather than *Anton*, and that absolute immunity would not apply to Triggs' action.

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Dismiss be GRANTED, and this action dismissed.

DATED this 6th day of March, 2006.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT